ALMA INSLEE, as Administratrix, etc., of HAROLD INSLEE, Deceased, Respondent, *v.* ROCHESTER AND SYRACUSE RAILROAD COMPANY, INC., Appellant.

Fourth Department, December 23, 1925.

**Trial — action for wrongful death of son of plaintiff — new trial on ground of newly-discovered evidence and fraud — complaint alleged that intestate left him surviving plaintiff, his mother — father was living though divorced from plaintiff — plaintiff's attorney knew that fact and fraudulently concealed it — fact was discovered by defendant after trial — new trial granted.**

A new trial will be granted in an action to recover damages for the wrongful death of plaintiff's intestate, her son, where it appears that the complaint alleged that the intestate left him surviving his mother, and did not allege that the father

of the intestate, who had been divorced from the intestate's mother, was living also, and did not on the trial bring that fact to the attention of the jury and, in fact, fraudulently concealed the existence of the father and permitted associate counsel to refer to the mother as a widow, and such fact was not discovered by the defendant until after the close of the trial and the entry of judgment

APPEAL by the defendant, Rochester and Syracuse Railroad Company, Inc., from an order of the Supreme Court, made at theMonroe Special Term and entered in the office of the clerk of the county of Wayne on the 27th day of July, 1925, denying defendant's motion for a new trial on the ground of newly-discovered evidence and fraud committed at the trial.

*Williams & Cowie* [*Daniel Scanlon* of counsel], for the appellant.

*Charles T. Ennis* [*A. Lee Olmsted* of counsel], for the respondent.

PER CURIAM:

This action was brought to recover damages for the death of plaintiff's son. She had a verdict for $11,000 and defendant moved after the entry of judgment for a new trial on the grounds of newly-discovered evidence and fraud claimed to have been committed at the trial.

The complaint alleged that the decedent " left him surviving his mother, the plaintiff in this action, who was solely dependent upon him for her maintenance and support," etc.

The fact is, as shown by the papers, that decedent left him surviving not only his mother, this plaintiff, but also his father, and that fact was well known to the attorney for plaintiff when he drew the complaint herein.

The fact that decedent left his father surviving was not known to defendant or its attorneys until some time after the trial and after judgment had been entered, and it is not shown that the fact that the father was living could have been ascertained by defendant in the exercise of reasonable diligence before the trial.

It appears from the moving papers that the complaint did not contain all the facts as to the survivors of the decedent. The fact that the father was living when this action was commenced to the knowledge of the attorney for plaintiff is established beyond any question for it appears that the father secured a divorce from this plaintiff in Ontario county in the year 1911 on statutory grounds, and that his attorney in that action was the same attorney who drew the complaint in this action.

It also appears that in a letter dated March 2, 1925, to the father this attorney stated " you certainly can see that it was better for the law suit not to have you there." The law suit referred to in this paragraph was the present action. The complaint was carefully

drawn so that the fact that decedent left a father surviving did not appear and the subsequent clause above quoted from the letter of the attorney written to the father after the trial shows clearly that it was the intent to keep the fact that there was a surviving father concealed from the court and the defendant.

Moreover, the court in charging the jury, being without knowledge of the fact that decedent left him surviving his father, said to the jury in substance that the plaintiff was the sole next of kin of the decedent and that as such she was entitled to any damages awarded.

In his summary to the jury counsel for plaintiff, but not the attorney of record, referred to plaintiff three times as " this widow." The fact is that she was not a widow as that word is ordinarily used and understood. Webster defines a widow as " a woman who has lost her husband by death and has not married again."

When the jury was told about " this widow " they must have understood by that expression that plaintiff had lost her husband by death.

What effect such a statement several times repeated might have had on the sympathies of the jury we do not know but the statement was made and was not supported by any evidence. In making this statement to the jury to the effect that plaintiff was a widow, counsel had no intent to deceive, for he was probably without knowledge as to the actual status of the plaintiff, but his reference to her as a widow was not based on any evidence in the case and was, therefore, improper.

Good faith required that the fact that decedent left a father him surviving should have been disclosed either in the complaint or on the trial, but it is quite clear that there was an intent to conceal that fact and let the case go to the jury on the theory that the plaintiff was a widow and the sole next of kin of decedent.

Whether or not the father contributed to plaintiff's support is not important. The fact that he was living and, therefore, the plaintiff was not the sole next of kin of decedent was surreptitiously withheld. A judgment thus obtained should not stand. The court cannot approve a practice which in effect amounted to a legal fraud and a judgment thus tainted must be set aside. (*Stevens* v. *C. N. Bank*, 144 N. Y. 50; *Wolff* v. *United Drug Company, Inc.*, 181 App. Div. 628.)

The order appealed from should be reversed, with costs, and the motion for a new trial granted.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order reversed, with costs and motion for new trial granted.